UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:15-cr-14-FtM-29CM

LORIE ANN WILLIAMS

_____

### ORDER

This matter comes before the Court on the government's Motion to Authorize Payment From Inmate Trust Account (Doc. #89) filed on April 1, 2016.  Defendant's Response (Doc. #90) in opposition was filed on April 6, 2016.

On January 26, 2016, the Court sentenced defendant Lorie Ann Williams to one year and one day imprisonment, followed by two years of supervised release. (Doc. #75.)  No restitution was ordered, but a Forfeiture Money Judgment (Doc. #74) in the amount of $332,500 was entered. (Doc. #75, p. 5.)[1]  The government asserts that defendant has $2,469.75 in her inmate trust account, and the government wants all of it.  Rather than garnish the account or obtain it by some other legal process, the government asserts that

_____

[1] While the government's motion asserts that "the balance due on the restitution is $332,500.00" (Doc. #89, p. 1), the Judgment did not impose any restitution.  A forfeiture money judgment is not the same as restitution, since its proceeds goes to the government, not victims.

the Court can simply order the Bureau of Prisons to take the funds from the inmate's trust account and give it to the government.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) (A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed)." United States v. Wilson, 503 U.S. 329, 335 (1992). Under 18 U.S.C. § 3612, the Attorney General is responsible for the collection of an unpaid fine and restitution. The Attorney General has promulgated rules through the BOP establishing an Inmate Financial Responsibility Program ("IFRP") designed to help the inmate develop a financial plan to meet certain financial obligations. 28 C.F.R. § 545.11. The BOP rule sets forth a five-tiered list of financial priorities, with "[o]ther federal government obligations" being last. 28 C.F.R. § 545.11(a). The BOP rule does not require that all funds in the inmate's trust account be paid towards any of the financial obligations. 28 C.F.R. § 545.11(b). "When a fine or restitution is not paid immediately, the sentencing court should leave collection during incarceration to the BOP." United States v. Vasquez, 333 F. App'x 125, 126 (7th Cir. 2009) (a district court

lacks authority to intervene directly in the administration of the BOP's collection program).  As succinctly stated more recently by the Seventh Circuit:

> The Attorney General rather than the courts "shall be responsible for collection of an unpaid fine or restitution" imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper, United States v. Ellis, 522 F.3d 737, 738-39 (7th Cir. 2008); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998) (per curiam), and the "courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." United States v. Sawyer, 521 F.3d 792, 794 (7th Cir. 2008); see also United States v. Lampien, 89 F.3d 1316, 1320 (7th Cir. 1996); United States v. Boal, 534 F.3d 965, 966 n.1 (8th Cir. 2008); United States v. Comer, 93 F.3d 1271, 1281-82 (6th Cir. 1996).

In re Buddhi, 658 F.3d 740, 742 (7th Cir. 2011).  The Court concludes that it has no jurisdiction to order the Bureau of Prisons to take funds from an inmate's trust account in order to satisfy a financial obligation.

Accordingly, it is hereby

**ORDERED:**

The Government's Motion to Authorize Payment From Inmate Trust Account (Doc. #89) is **DISMISSED.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of April, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record